**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES W. JONES,
<u>Plaintiff-Appellant,</u>

v.

CUMBERLAND COUNTY; MORRIS
BEDSOLE, in his official capacity and
individually,
<u>Defendants-Appellees.</u>

No. 95-2850

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
W. Earl Britt, William L. Osteen, Sr., District Judges.
(CA-94-32-3-2-BR)

Argued: March 5, 1997

Decided: April 8, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and
GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joseph Michael McGuinness, MCGUINNESS & PAR-
LAGRECO, Elizabethtown, North Carolina, for Appellant. Bobby
Grey Deaver, Fayetteville, North Carolina; Douglas Edward Canders,
CUMBERLAND COUNTY ATTORNEY'S OFFICE, Fayetteville,
North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff James W. Jones appeals the district court's grant of defendant Morris Bedsole's Rule 50 motion for judgment as a matter of law on Jones' Title VII and Equal Protection claims. We affirm the district court ruling because Bedsole offered a legitimate, nondiscriminatory reason for terminating Jones' employment, and Jones failed to carry his burden of proving that the proffered reason was pretextual and that the real reason was discriminatory animus.

In September 1990, Jones, then a detective in the Cumberland County Sheriff's Department, investigated a break-in of Kathrine Butler's home. Following the investigation, Jones began a sexual relationship with Butler, who was both the victim of the break-in and the prosecution's chief witness in the upcoming trial of the alleged perpetrator, Kelvin McNeill. Although the sexual relationship between Jones and Butler ended prior to McNeill's 1991 trial, the affair proved problematic for the prosecution. At trial, McNeill's counsel cross-examined Butler regarding whether she had had a romantic relationship with Jones, and Butler denied such a relationship. When Assistant District Attorney Robert Stiehl privately questioned Jones about the relationship, Jones replied adamantly, "I am not having an affair with the prosecution witness." J.A. at 376. After Butler notified Stiehl that she had, in fact, had an affair with Jones, Stiehl terminated the trial against McNeill.

Following an internal affairs investigation of Jones' relationship with Butler, Sheriff Morris Bedsole asked Jones whether he had engaged in sexual intercourse on county time or in a police vehicle. Although Jones says that he answered "no," the district court found that "[e]verybody in the room heard somewhat varying answers to that, except all witnesses heard at least the plaintiff say `sometimes,' or `not all of the time.' Others heard it as,`Yes, I did.'" J.A. at

2

376-77. Bedsole then informed Jones that his employment would be terminated.

Jones brought this suit against Cumberland County and against Bedsole in his official and individual capacities alleging ten claims, including race discrimination claims under Title VII and the Equal Protection Clause. The district court dismissed Cumberland County as a defendant and granted summary judgment to Bedsole on many of the claims. Following the presentation of all the evidence at trial, the district court granted Bedsole's Rule 50(b) motion for judgment as a matter of law as to the remaining claims. The district court concluded that, although Jones had established a prima facie case of racial discrimination under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), Jones' affair with the prosecution's key witness constituted a legitimate, nondiscriminatory reason for Bedsole's discharge of Jones. The court next concluded that there was no evidence of pretext or of disparate treatment. Jones appeals the grant of judgment as a matter of law on his Title VII and equal protection claims.

Jones' admitted sexual affair with a crime victim whose case he investigated and who was a key witness at trial was plainly a legitimate, nondiscriminatory reason for Jones' termination. Cumberland County Sheriff's Department policy prohibits conduct that "[w]ould bring the department into disrepute, reflects unfavorably upon the officer as an employee of the Department, damages or affects the reputation of any employee of the Department, or impairs the operation or efficiency of the Department or any of its personnel." Jones' affair with Butler brought about each of the enumerated consequences of this policy. Furthermore, regardless of whether the affair in question actually adversely affected the prosecution's case, which is in dispute, the mere fact that the affair had the potential to do so provided a legitimate, nondiscriminatory reason for Jones' termination. Jones only compounded his indiscretion when he answered the Assistant District Attorney's inquiry regarding his relationship with Butler in a manner that was misleading at best. Although Jones' alleged admission to having had sex in a county car may have played some role in Bedsole's termination decision, we need not determine whether the record conclusively establishes that the admission occurred, because the mere existence of Jones' affair with the lead prosecution witness was

3

sufficient grounds for the termination, regardless of where the affair took place.

There is no record evidence that Bedsole's proffered reason for the termination was pretextual or that his real motivation was racial animus. Jones' assertion that blacks receive disproportionately severe disciplinary treatment from the Cumberland County Sheriff's Department is unsubstantiated. The district court allowed Jones to present evidence regarding the three incidents in which white police officers engaged in improper sexual activity and received lighter punishments than Jones. None of these three incidents, however, was even arguably comparable to an officer's sexual relationship with a key crime-victim witness for the prosecution in a case investigated by that officer himself. And, in the only arguably comparable incident to Jones', where a white male deputy had sex in a patrol car with a relative of a state's witness, the officer was, like Jones, fired. J.A. at 382; Appellee's Br. at 21.

For the reasons stated, the judgment of the district court is affirmed.

<u>AFFIRMED</u>

4